UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

MICHAEL G. HARRIS,

     Plaintiff,

v.                              Case No. 3:00-cv-1297-J-12TEM

CORRECTIONS CORPORATION OF
AMERICA,

     Defendant.

---

## O R D E R

This cause is before the Court on Plaintiff's Motion for Relief from Judgment for Fraud and Memorandum of Law in Support Thereof (Doc. 187) and Appendixes (Doc.188) thereto, filed August 22, 2007. On September 7, 2007, the Court entered an Order (Doc. 189) directing the Defendant to file a response to the Plaintiff's motion. On September 20, 2007, Plaintiff's Motion for Clarification [and Reconsideration] and in Opposition to Court's Order and Memorandum of Law in Support Thereof (Doc. 190) was filed. Defendant's Response in Opposition to Motion for Relief From Judgment (Doc. 192) was filed on September 24, 2007. On October 1, 2007, Plaintiff's Motion Requesting Permission to Respond to Defendant's Response in Opposition to Motion for Relief from Judgment (Doc. 193) was filed.

The Plaintiff alleges that upon review of the docket, accompanying court records in this case, and copies of documents the Defendant had provided to him, he discovered that the Defendant, in collusion with the Clerk's Office, perpetrated a fraud on the Court and Plaintiff by back-dating documents to indicate the timely filing of the Defendant's Renewed Motion for Judgment as a Matter of Law or in the Alternative Motion for a New Trial or to

Alter or Amend Judgment (Remittitur) and Memorandum of Law in Support Thereof (Doc.142)("Defendant's post-trial motion/memorandum").    After a careful review of the submissions of the parties, the relevant portions of the record, and applicable law, for the reasons set forth below, the Court finds that the record clearly and unequivocally establishes that no fraud was perpetrated on the Court and Plaintiff in conjunction with the filing of Defendant's post-trial motion/memorandum, and will thus deny all of Plaintiff's motions (Docs. 187, 190, and 193).

Plaintiff filed this employment discrimination case on December 1, 2000.  A jury returned a verdict in Plaintiff's favor on November 5, 2003 (see Doc. 132) and the Judgment (Doc. 133) was signed on that date, filed on November 6, 2003, and docketed on November 7, 2003.  Pursuant to the Federal Rules of Civil Procedure, Plaintiff has calculated, and the Court agrees, that the 10-day jurisdictional period for the filing of the Defendant's post-trial motions pursuant to Rules 50 (Judgment as a Matter of Law; Alternative Motion for New Trial) and 59 (New Trial; Amendment of Judgments) began to run on November 6, 2003, the date the Judgment (Doc. 133) was filed with the Clerk (see Fed.R.Civ.P. 5(e)).  Not counting weekends, or the Veteran's Day holiday, the Defendant's post-trial motions were due on November 21, 2003, a Friday.

The following three docket entries and the accompanying documents in the Court record relate to the Plaintiff's allegations of fraud:

> 11/20/2003 140 MOTION by Corrections Corp. with memorandum in support for leave to file legal memorandum in excess of 20 pages in length referred to Magistrate Judge Monte C. Richardson: Proposed memorandum filed on the left. (lph) Modified on 11/21/2003 (Entered: 11/21/2003)
>
> 11/21/2003 141 ORDER granting [140-1] motion for leave to file legal memorandum in excess of 20 pages in length: Defendant is permitted to file a memorandum up to 26 pages in length ( Signed by Magistrate Judge Monte C. Richardson ) ctc (lph) (Entered: 11/24/2003)

11/24/2003 142 MOTION by Corrections Corp. with memorandum in support for judgment as a matter of law , or in the alternative, for new trial , or to alter or amend judgment [133-1] judgment order (lph) (Entered: 11/24/2003)

As the first docket entry and accompanying record clearly indicate, on Thursday, November 20, 2003, the Defendant's Motion to File Legal Memorandum in Excess of Twenty Pages in Length and Memorandum of Law in Support Thereof (Doc.140)("Motion to Exceed Page Limit") was filed.   Pursuant to Local 3.01(c) in effect at that time, the Defendant sought permission to file it's post-trial "Motion and Memorandum not to exceed twenty-six(26) pages."  Doc. 140 at p.2.  The Defendant's Motion to Exceed Page Limit (Doc. 140) indicates that "[a] copy of the Motion and Memorandum accompany this Motion."  Id.  The Defendant's Motion to Exceed Page Limit (Doc. 140) was stamped "filed" on November 20, 2003, on the right-hand side of the first page.  The docket entry for Doc. 140 indicates that the "[p]roposed memorandum [was] filed on the left."  This indicates, as the document itself (Doc. 142) reflects, that the Clerk stamped the Defendant's [at that point proposed] post-trial motion/memorandum as "received" on the left side of the front page as of that date, and placed it on the left side of the Court file.  Therefore, the record establishes that the Defendant's post-trial motion/memorandum (Doc. 142) was submitted to the Clerk's Office and stamped "received" by the Clerk's Office on November 20, 2003, the day before it was due.  The docket entry reflecting these facts was created on Friday, November 21, 2003.

The next docket entry chronicles that also on the following day, Friday, November 21, 2003, the date the Defendant's post-trial motions were due, the United States Magistrate Judge signed an Order (Doc. 141) granting Defendant's Motion to File Legal Memorandum in Excess of Twenty Pages in Length (Doc.140) and gave the Defendant

permission "to file a memorandum up to twenty-six pages in length." The stamp on the right-hand side of the front page of the Magistrate Judge's Order (Doc. 141) shows that it was filed in the Clerk's Office on that same date, November 21, 2003, although the docket entry reflecting that fact was not created until the following Monday, November 24, 2003.

The third docket entry evidences that Defendant's Renewed Motion for Judgment as a Matter of Law or in the Alternative Motion for a New Trial or to Alter or Amend Judgment (Remittitur) and Memorandum of Law in Support Thereof (Doc.142) was stamped "filed" and the docket entry created by the Clerk's office on Monday, November 24, 2003.   The front page of the Defendant's twenty-six (26) page post-trial motion/memorandum (Doc. 142) contains the Clerk's "received" stamp on the left-hand side of the front page, and the "filed" stamp on the right-hand side.

The record of this Court demonstrates clearly and conclusively that no fraud occurred with regard to the filing of the Defendant's Renewed Motion for Judgment as a Matter of Law or in the Alternative Motion for a New Trial or to Alter or Amend Judgment (Remittitur) and Memorandum of Law in Support Thereof (Doc.142).  In it's Order (Doc. 167)[1] granting the Defendant's motion for judgment as a matter of law and setting aside the jury's verdict, the Court recited that the Defendant's post-trial motion/memorandum (Doc.142) had been filed on November 24, 2003, which as the Court record reveals, was the date the Clerk's Office, pursuant to the United States Magistrate Judge's Order (Doc.141) of November 21, 2003, filed the Defendant's post-trial motion (Doc.142) that had

---

[1]     The Court's Order (Doc. 167) was affirmed by the Eleventh Circuit Court of Appeals (see Doc. 184, Harris v. Corrections Corp. of America, 139 Fed.Appx. 156(11th Cir. 2005)(unpublished).

been received by the Clerk's Office on November 20, 2003.[2]

Plaintiff has not established, as he has alleged, that the Defendant waited until November 24, 2003, to file its post-trial motion (Doc.142), then realizing that such filing was untimely, secured the cooperation of the Clerk's Office to back-date its motion by the placing of the November 20, 2003, "received" stamp.  Plaintiff's allegations are flatly contradicted by the record which establishes that the Defendant's post-trial motion/memorandum (Doc. 142) was received by the Clerk's Office on November 20, 2003, along with it's Motion to Exceed Page Limit (Doc.140) because it exceeded the then applicable page limitation, and in fact, the Magistrate Judge's Order (Doc.141) of November 21, 2003, granted the Defendant's Motion to Exceed Page Limit and permitted the filing of Defendant's post-trial motion/memorandum (Doc. 142) which was done by the Clerk's Office on November 24, 2003.[3]

---

[2]        The Certificate of Service on the Defendant's post-trial motion/memorandum also indicates that a copy was mailed to the Plaintiff on November 20, 2003.  Doc. 142 at p. 26.  This apparently has led to some confusion on the part of the Plaintiff who provides the first page of the copy of Defendant's post-trial motion/memorandum he received on November 26th (Doc. 188, Appendix C) as evidence of fraud.  The copy Plaintiff received shows only a "received" file stamp of November 20, 2003, and not the "filed" file stamp of November 24, 2003.  Plaintiff maintains that because the Defendant did not provide him with a copy of its post-trial motion/memorandum with both the "received" and "filed" file stamps that this demonstrates that the "received" stamp was back-dated to make the Plaintiff and the Court believe that the Defendant's post-trial motion/memorandum had been timely filed. It can be logically assumed that when the Defendant submitted his proposed post-trial motion/memorandum along with his Motion to Exceed Page Limit (Doc. 140), it had the courtesy copy stamped "received" as well, and mailed it to Plaintiff on that same date. That Plaintiff's courtesy copy provided by the Defendant is not identical as to the placement of Clerk's Office file stamps to the document in the Court file is not evidence of fraud.

[3]        The record reveals that the Plaintiff utilized the same procedure in filing his response to the Defendant's post-trial motion.  He filed a Motion to File a Legal Memorandum in Excess of Twenty Pages (Doc. 147) with a proposed memorandum that was received by the Clerk, then the Magistrate Judge granted his motion (Doc.

Because, as set forth above, the record before the Court conclusively demonstrates that the Defendant and the Clerk's Office did not perpetrate a fraud on Plaintiff and the Court in conjunction with the filing of the Defendant's Renewed Motion for Judgment as a Matter of Law or in the Alternative Motion for a New Trial or to Alter or Amend Judgment (Remittitur) and Memorandum of Law in Support Thereof (Doc.142), the Court will deny all of the Plaintiff's motions (Docs. 187, 190[4] and 193[5]).

Upon review of the matter, it is

**ORDERED AND ADJUDGED:**

1.      That Plaintiff's Motion for Relief from Judgment for Fraud (Doc. 187) is denied;

2.      That Plaintiff's Motion for Clarification [and Reconsideration]   and in Opposition to Court's Order (Doc. 190) is denied; and

3.      That Plaintiff's Motion Requesting Permission to Respond to Defendant's Response in Opposition to Motion for Relief from Judgment (Doc. 193) is denied.

---

149) and the Clerk filed it (Doc. 150).

[4]      The Court notes that the Plaintiff's misunderstanding regarding the significance of docket entries and Clerk's Office document markings also caused him to assert in one of his motions (Doc.190 at p. 2) that the Court's Order (Doc. 189) directing the Defendant to file a response has "no court file-stamp on it, authenticating that it was filed in Court." The docket entry reveals that the Court's Order (Doc.189) was docketed electronically by the undersigned's law clerk and the document evidences the Court's file stamp across the top of the Order.

[5]      Plaintiff states in his motion (Doc. 193 at p. 1 and 2) requesting permission to respond to the Defendant's response (Doc. 192), that the Defendant's response alerted Plaintiff to additional fraud committed in creation of fraudulent documents. Because the record conclusively demonstrates that no fraud was committed, the Court is of the opinion that further submissions are unwarranted.

**DONE AND ORDERED** this ___25 T H.___ day of October 2007.

Howell W. Melton
Senior United States District Judge

Copies to :

Counsel of Record
Plaintiff, pro se

7