**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

MICHAEL G. HARRIS,

     Plaintiff,

         v.                          Case No. 3:00-cv-1297-J-12MCR

CORRECTIONS CORPORATION OF
AMERICA,

     Defendant.

_____

## <u>ORDER</u>

This cause is before the Court on Plaintiff's Motion for Enforcement of Court Order (Motion for Enforcement, Doc. 228), filed June 26, 2013.  Plaintiff's Motion for Enforcement contains a Certificate of Service indicating that a copy was mailed to Defendant's Counsel of Record.  Defendant has not filed a response, nor was it required to do so, as this case is closed and the judgment has been final for almost eight (8) years.

On March 10, 2004, the Court entered an Order (Doc. 167) setting aside the jury's verdict in this case and directing judgment as a matter of law in favor of Defendant. That Order was affirmed on appeal by Judgment, Issued as a Mandate, on August 2, 2005 (Doc. 184).  Since that time Plaintiff has filed numerous post-trial motions unsuccessfully seeking to reinstate the jury's verdict in his favor.

By Order (Doc. 223), filed October 12, 2012, the Court denied Plaintiff's Motion for Relief From Void Judgment (Doc. 222) and set out the various rulings by this Court and the Eleventh Circuit Court of Appeals related to Plaintiff's post-trial motion practice over the years.  On January 14, 2013, Plaintiff' filed a Notice of Appeal (Doc. 226) of the Court's Order (Doc. 223) denying his Motion for Relief From Void Judgment (Doc. 222),  as well as its Order (Doc. 225) denying his Motion for Reconsideration (Doc. 224).

The filing of a notice of appeal is an event of jurisdictional significance; it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects involved in the appeal.  Griggs v. Provident Consumer Discount Co., 459 U.S. 56, 58 (1982).  However, if the matter at issue serves to aid the appeal, to correct clerical mistakes under Rule 60, or to aid in the execution of a judgment that has not been superseded, then the district court retains authority to act.  Showtime/The Movie Channel, Inc. v. Covered Bridge Condo. Ass'n, 895 F.2d 711, 713 (11th Cir.1990).

In the instant matter, this Court lost jurisdiction to consider matters related to the merits of Plaintiff's case when he filed his Notice of Appeal.  Plaintiff's Motion for Enforcement seeks reinstatement of the jury's verdict as to his claim of discriminatory retaliation, and a monetary award of half the damages awarded by the jury.  The relief Plaintiff seeks does not fall within one of the exceptions noted above, and therefore the Court lacks jurisdiction to consider his Motion for Enforcement.  Accordingly, it is

**ORDERED:**

Plaintiff's Motion for Enforcement of Court Order (Doc. 228) is denied for lack of jurisdiction.

**DONE AND ORDERED** in Jacksonville, Florida, this 23rd day of July, 2013.

**MARCIA MORALES HOWARD**
United States District Judge

Copies to:

Plaintiff, pro se
Counsel of Record